IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| **OTIS L. BARNES,** | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Case No. 5:20-cv-47 (MTT) (CHW) |
| | : | |
| **TOBY,** *et al.*, | : | Proceedings Under 42 U.S.C. § 1983 |
| | : | Before the U.S. Magistrate Judge |
| Defendants. | : | |
| | : | |

## ORDER

Before the Court are two motions relating to the participation of Defendant Nurse Carter in this lawsuit. In one motion, Plaintiff Otis Barnes asks for a default judgment against Defendant Carter. (Doc. 81). In the other motion, Defendant Carter asks the Court to set aside the default against her. (Doc. 84). Defendant Carter did not directly respond to the Court's show cause order regarding the reimbursement of $166.15 in costs incurred by the United States Marshals Service in effecting personal service. *See* (Doc. 80, p. 9).

The record indicates that Defendant Carter acted in good faith to request representation through her employer, the Board of Regents of the University System of Georgia, who in turn were to request representation from the Georgia Department of Law. (Carter Aff., Doc. 84-1, ¶¶ 2, 7). This process for requesting representation "broke down . . . at some point along the way." (Doc. 84-2, p. 1). The record further shows that Defendant Carter did not learn of the default against her until November 1, 2021, and that she filed a motion to set aside the default on the same day. (Carter Aff., Doc. 84-1, ¶ 11).

Defaults are viewed with disfavor, and there is a "strong policy of determining cases on their merits." *In re Worldwide Web Sys., Inc.*, 328 F.3d 1291, 1295 (11th Cir. 2003). Rule 55(c) of

the Federal Rules of Civil Procedure provides that the Court may set aside any entry of default for "good cause," which generally requires the consideration of factors such as: "whether the default was culpable or willful, whether setting [the default] aside would prejudice the adversary, and whether the defaulting party presents a meritorious defense." *Compania Interamericana Export-Import, S.A. v. Compania Dominicana de Aviacion*, 88 F.3d 948, 951–52 (11th Cir. 1996).

There is no genuine suggestion on the present record of any culpable conduct by Defendant Carter, the Defendant has raised grounds for a potentially meritorious defense in this action, and there is no indication that Plaintiff will suffer from prejudice by litigating the merits of his claims through the ordinary legal process. Accordingly, Defendant Carter's motion to set aside the entry of default against her (Doc. 84) is **GRANTED**, and Plaintiff's motion for a default judgment (Doc. 81) is correspondingly **DENIED**.

Furthermore, because the record reflects that Defendant Carter did not effectively waive personal service of process, and because Carter failed to respond to the Court's show cause order, the U.S. Marshals Service is **DIRECTED** to file a bill of costs for the personal service of Defendant Carter, and Carter is thereafter **ORDERED** to pay such costs.

**SO ORDERED**, this 9th day of December, 2021.

    s/ Charles H. Weigle\
    Charles H. Weigle\
    United States Magistrate Judge