IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| OTIS L. BARNES,<br><br>        Plaintiff,<br><br>    v.<br><br>NURSE CARTER<br><br>        Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)   CIVIL ACTION NO. 5:20-cv-47 (MTT)<br>)<br>)<br>)<br>)<br>)<br>) |

**ORDER**

Pursuant to 28 U.S.C. § 1915A(a) and § 1915(e), United States Magistrate Judge Charles H. Weigle has conducted a screening of Defendant Nurse Carter's motion to dismiss. Doc. 90. The Magistrate Judge recommends that the motion to dismiss be granted. Doc. 97. Plaintiff Otis L. Barnes objected,[1] so pursuant to 28 U.S.C. § 636(b)(1), the Court reviews de novo the portions of the Recommendation to which Barnes objects. Doc. 98.

As an initial matter, Barnes failed to respond to Carter's motion to dismiss. After Carter filed her motion, the Magistrate Judge issued a notification of motion to dismiss to Barnes. Doc. 92. This notice informed Barnes of his rights and responsibilities regarding the motion to dismiss, specifically providing:

> **FAILURE OF PLAINTIFF TO RESPOND TO AND REBUT THE LEGAL ARGUMENTS SET FORTH IN DEFENDANT'S BRIEF MAY RESULT IN THESE STATEMENTS BEING ACCEPTED AS UNCONTESTED AND**

---

[1] Barnes filed two sets of objections to the Recommendation. Docs. 98; 99. Although the documents differ in styling, they are substantively identical and were both filed on the same day. The Court will refer only to the first filed objections. Doc. 98.

> **CORRECT**. The Court could grant judgment to Defendant and there would be no trial or further proceedings. Accordingly, Plaintiff is **NOTIFIED** of his right to amend his complaint, submit a response brief, and, if responding to a motion to dismiss for failure to exhaust administrative remedies, submit any affidavits and/or documents showing he has exhausted. . . If Plaintiff fails to file a brief in opposition to the motion to dismiss, a final judgment may be rendered against him if otherwise appropriate under law.

*Id.* at 2-3.  Barnes's objections to the Recommendation attempt to rebut Carter's arguments that his claims should be dismissed for failure to exhaust administrative remedies— they are arguments which would have been appropriate in response to a motion to dismiss, but instead, Barnes waited to raise them as objections to the Recommendation.  Although this failure to respond may warrant dismissal, out of an abundance of caution, the Court will consider Barnes's objections.

Barnes makes three arguments in his objections: (1) his failure to file appropriate grievances was through no fault of his own; (2) he did not need to show in his complaint that he has exhausted all grievance procedures; (3) he should be permitted to sue without first exhausting the grievance procedures because of exceptions established in *McCarthy v. Madigan*, 503 U.S. 140 (1992).  Doc. 98 at 1-2.

As to the first argument, Barnes contends that his failure to exhaust was through no fault of his own, as he was in suicide housing at the time and "suffering from extreme emotional distress," while also traveling frequently for medical treatment.  Doc. 98 at 2.  Additionally, Barnes argues that he was in imminent danger and exhausting the prison's grievance system would have "further hurt [him.]"  *Id.*  But Barnes fails to allege any facts that explain how he would have been hurt by complying with the prison grievance system nor what imminent danger he faced when he began his federal suit.  Although there are exceptions to the exhaustion requirements for prisoner suits, Barnes's

objections fail to establish such an exception.  *See Ross v. Blake,* 578 U.S. 632, 643-44 (2016) (holding that an administrative remedy is not available when it operates as a simple dead end, is so opaque that it is practically unusable, or when prison administrators thwart inmates from using the administrative process).  Absent such a rare exception, compliance with Georgia prison grievance policies includes requesting an out-of-time waiver for untimely grievances, and failure to do so requires dismissal of the offender's claims.  *See Bryant v. Rich*, 530 F.3d 1368, 1378-79 (11th Cir. 2008); *Johnson v. Meadows*, 418 F.3d 1152, 1158-59 (11th Cir. 2005).  Barnes's failure to exhaust his administrative remedies is not excused by his conclusory assertion of imminent danger, especially since Barnes has not previously argued that he is in imminent danger, despite several earlier opportunities to address the defendant's failure to exhaust arguments.[2]

Second, Barnes argues that prisoners do not need to show that they have exhausted all grievance procedures in their complaint and that exhausted claims must move forward rather than being dismissed alongside unexhausted claims.  Doc. 98 at 2 (citing *Jones v. Bock,* 549 U.S. 199 (2009)).  But *Jones v. Bock* did not hold that unexhausted claims are not subject to dismissal.  Although dismissing a complaint for failing to allege exhaustion is improper, dismissing claims for the prisoner's actual failure to exhaust is proper.  *See generally Ross v. Blake*, 578 U.S. 632 (2016)

---

[2] Notably, Carter's motion to dismiss repeats many of the arguments raised in previous motions to dismiss filed by former defendants in this case.  Docs. 43; 56; 65.  Barnes did not argue that he was in imminent danger in response to the prior motions nor did he argue he was in imminent danger in response to the prior Recommendation which granted dismissal to other defendants on the same grounds.  *See* Docs. 52; 53; 60; 70; 71; 80.  In his responses to the two of the prior motions to dismiss (Docs. 56; 65), Barnes does contend that the removal of his eye is imminent, as treatment for ongoing medical issues from an attack by other inmates, but he does not argue that this is why he failed to exhaust his administrative remedies.  Docs. 60 at 1; 70 at 1; 71 at 2.  In fact, Barnes still maintained that he had exhausted his administrative remedies in those responses.  Docs. 60 at 3; 70 at 2-3; 71 at 3.

(explaining the scope and limitations of administrative remedy exhaustion requirements). As the Magistrate Judge explained in the Recommendation, the record shows that Barnes's claims were not exhausted. Doc. 97 at 2-3. Moreover, Barnes does not identify any claim that is not implicated by his failure to exhaust administrative remedies. In its review, the Court failed to find an exhausted claim in Barnes's initial complaint or its amended versions. Thus, this argument is also meritless.

Finally, Barnes argues that there are certain exceptions to exhaustion requirements, because "courts need to balance a person's right to go to court to sue over injustice against an institution's interest in having you use whatever grievance system they have set up." Doc. 98 at 2. Barnes claims that this is an outcome of *McCarthy v. Madigan*, 503 U.S. 140 (1992). But *McCarthy v. Madigan* specifically addressed actions for which "Congress has not clearly required exhaustion" and clarified the use of judicial discretion in those cases. *Id.* at 144. Congress clearly required exhaustion of administrative remedies for prisoner lawsuits. *See Jones,* 549 U.S. at 202. Accordingly, Barnes's final argument is meritless.

Therefore, after review, the Court accepts and adopts the findings, conclusions, and recommendations of the Magistrate Judge. The Recommendation (Doc. 97) is **ADOPTED** and made the Order of the Court. Accordingly, the Defendant's motion to dismiss is **GRANTED**.

**SO ORDERED**, this 10th day of May, 2022.

S/ Marc T. Treadwell
MARC T. TREADWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
